UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

R. CASPER ADAMSON,

        Plaintiff,

v.                                          Case No. 3:05-cv-1020-J-20TEM

J. MCCLELLAN, et al.,

        Defendants.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on October 6, 2005. On the Complaint form, Section IV.(B) states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Complaint at 5. There are parenthetical areas to mark either yes or no. Plaintiff marked no on his Complaint. Id. At the end of the Complaint, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct." Id. at 10.

The Court takes judicial notice of Plaintiff's previous prisoner civil rights filings: (1) 3:05-cv-860 (M.D. Fla.); (2) 4:04-cv-389 (N.D. Fla.); (3) 2:00-cv-74 (M.D. Fla.); (4) 2:00-cv-92 (M.D. Fla.); (5) 2:00-cv-14238 (S.D. Fla.); (6) 2:98-cv-448 (M.D.

Fla.); (7) 6:98-cv-1198 (M.D. Fla.); (8) 3:95-cv-30115 (N.D. Fla.); (9) 5:94-cv-50027 (N.D. Fla.); (10) 5:94-cv-50078 (N.D. Fla.); (11) 5:94-cv-50151 (N.D. Fla.); (12) 5:94-cv-50182 (N.D. Fla.); (13) 5:94-cv-50207 (N.D. Fla.); (14) 5:94-cv-50250 (N.D. Fla.); and, (15) 3:90-cv-539 (M.D. Fla.).[1]

This Court is convinced that Plaintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court. The Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has falsely responded to Question (B) in Section IV, entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation

---

[1] Plaintiff filed these cases under different names (R. Casper Adamson, Richard Adamson, Richard Casper Adamson and Richard J. Adamson, Jr.); however, it is clear they were all filed by Plaintiff because the inmate number of the plaintiff in all of these cases (290440) is the same as Plaintiff's inmate number in this case. Additionally, it appears that Plaintiff may have filed four other cases in the Northern District of Florida (cases 5:94-cv-50162; 5:94-cv-50171; 5:94-cv-50329; and, 5:94-cv-50368) under the name Richard James Adamson, Jr.; however, the inmate number of the Plaintiff in those four cases is listed as 20013-017.

Reform Act (hereinafter PLRA). Specifically, prisoners proceeding in forma pauperis are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). For these reasons, it is imperative that Plaintiff comply with the instructions of this Court.

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Additionally, this case will be dismissed for Plaintiff's failure to exhaust his administrative remedies. The PLRA amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail,

> prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, Plaintiff admits that he has several grievances pending regarding the subject matter of his Complaint. See Complaint at 9E. Plaintiff must fully exhaust all of his administrative remedies **before** initiating an action in this Court.

Therefore, for all of the above-stated reasons, it is now **ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _____ day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 10/11
c:
R. Casper Adamson

- 4 -